UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

GREGORY LEE,

    Plaintiff,

CASE NO.

-vs-

CHECK MART OF FLORIDA, INC.
d/b/a MONEY MART, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, GREGORY LEE, by and through the undersigned counsel, sues the Defendant, CHECK MART OF FLORIDA, INC. d/b/a MONEY MART, INC., and in support thereof, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question.

3. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant CHECK MART OF FLORIDA, INC. d/b/a MONEY MART, INC., (hereafter "MONEY MART"), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Rules and Regulations").

4. The alleged violations described herein occurred in Charlotte County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff GREGORY LEE is a natural person, and citizen of the State of Florida residing in Charlotte County, Florida.

6. Plaintiff GREGORY LEE is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

7. At all times material hereto, Defendant MONEY MART was and is a foreign corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1436 Lancaster Avenue, Suite 300, Berwyn, PA 19312-1288.

8. As further described herein, Defendant MONEY MART sought to collect a debt from Plaintiff GREGORY LEE alleged to be originally owed in the amount of $148.00 by his wife, SHARON LEE.

9. The above described debt was not a marital debt or joint debt, Plaintiff was not a party to the contract at issue, and Plaintiff was not at any time legally obligated to pay said debt.

10. Defendant MONEY MART sought to collect the above described debt allegedly owed by Plaintiff's wife, SHARON LEE, by initiating telephone calls to Plaintiff GREGORY LEE's cellular telephone number, (941) 467-2224.

11. Upon receipt of said collection calls from Defendant MONEY MART by Plaintiff on his aforementioned cellular telephone, Plaintiff informed Defendant's representatives that he never had a CHECK MART, MONEY MART, or PAYDAY LOAN account, that Defendant

2

# (continuation)

was calling the wrong person, and demanded that Defendant's representatives to stop calling his aforementioned cellular telephone number.

12. As described herein, Defendant MONEY MART employed business practices resulting in intentional harassment and abuse of the Plaintiff GREGORY LEE and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above described alleged debt from Plaintiff, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

13. By way of example, Plaintiff received over eighty (80) such collection calls from Defendant on his above described cellular telephone number within a single seven (7) day period during the month of August of 2012, including thirteen (13) calls on August 15, 2012 and ten (10) calls on August 16, 2012, as referenced below, despite Defendant's knowledge that Plaintiff was not a party to the Contract, did not owe the alleged debt at issue:

- August 15, 2012 at 8:18 a.m. (866)429-2792
- August 15, 2012 at 9:50 a.m. (866)433-4003
- August 15, 2012 at 10:11 a.m. (866)433-4003
- August 15, 2012 at 10:33 a.m. (866)433-4003
- August 15, 2012 at 10:39 a.m. (866)433-4003
- August 15, 2012 at 10:51 a.m. (866)433-4003
- August 15, 2012 at 11:01 a.m. (866)433-4003
- August 15, 2012 at 12:17 p.m. (866)433-4003
- August 15, 2012 at 1;30 p.m. (866)433-4003
- August 15, 2012 at 2:25 p.m. (866)433-4003
- August 15, 2012 at 3:27 p.m. (866)433-4003
- August 15, 2012 at 4:13 p.m. (866)433-4001
- August 15, 2012 at 5:35 p.m. (866)433-4001
- August 16, 2012 at 8:17 a.m. (866)729-3293
- August 16, 2012 at 10:00 a.m. (866)505-5626
- August 16, 2012 at 10:27 a.m. (866)505-5626
- August 16, 2012 at 10:43 a.m. (866)505-5626
- August 16, 2012 at 10:58 a.m. (866)505-5626
- August 16, 2012 at 12:23 p.m. (866)505-5626
- August 16, 2012 at 1:20 p.m. (866)505-5626

- August 16, 2012 at 1:50 p.m. (866)505-5626
- August 16, 2012 at 3:16 p.m. (866)505-5626
- August 16, 2012 at 3:36 p.m. (866)505-5626

14. On or about January 31, 2013, counsel for Plaintiff, Morgan & Morgan, P.A., served a document upon Defendant MONEY MART, via certified mail, return receipt requested, article number 70113500000023605627, wherein counsel for Plaintiff notified Defendant MONEY MART that it represented Plaintiff, demanded that Defendant MONEY MART cease and desist from any further contact with Plaintiff, including, among other things, the placement of telephone calls to Plaintiff, and further stated that the letter was to serve as Plaintiff's formal dispute of the alleged debt(s). *See* Exhibit "A" hereto.

15. On or about February 6, 2013, Defendant MONEY MART certified receipt of the letter described in paragraph (14), above, and the return receipt was provided to Plaintiff's counsel by the United States Postal Service. *See* Exhibit "B" hereto.

16. Despite Defendant MONEY MART having certified receipt of the letter described in paragraph (14), above, on February 6, 2013, notifying Defendant that Plaintiff was represented by counsel, and demanding that it cease and desist from any further contact with Plaintiff, Defendant MONEY MART proceeded undeterred in its campaign of willfully and knowingly violating the TCPA by continuing to place calls to Plaintiffs aforementioned cellular telephone number in an effort to collect the above described debt.

17. To date, Plaintiff has received in excess of five-hundred (500) such collection calls from Defendant MONEY MART on his aforementioned cellular telephone number, including but not limited to the calls described in paragraph (13) above, approximately eighty (80) calls in October of 2012, approximately sixty (60) calls in November of 2012, approximately seventy-one (71) calls in December of 2012, approximately one-hundred twenty-

4

six (126) calls in January of 2013, approximately thirty-eight (38) calls in February of 2013, and approximately fifty-three (53) calls in March of 2013.

18. Upon information and belief, the telephone calls at issue were placed by Defendant MONEY MART using an "automated telephone dialing system" or "autodialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

19. Defendant MONEY MART initiated each of the calls at issue to Plaintiff, GREGORY LEE's aforementioned cellular telephone without the "prior express consent" or "prior express invitation or permission" of Plaintiff GREGORY LEE, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

20. Additionally, none of the telephone calls at issue were placed by Defendant MONEY MART to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

21. Defendant MONEY MART willfully and/or knowingly violated the TCPA with respect to the Plaintiff GREGORY LEE.

22. Despite actual knowledge of its wrongdoing, Defendant MONEY MART continued the campaign of abuse, as described above.

23. Defendant MONEY MART has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff GREGORY LEE's aforementioned cellular number, as described herein.

24. Defendant MONEY MART's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

25. Defendant MONEY MART's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

26. Defendant MONEY MART has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

27. Defendant MONEY MART followed its corporate policies when attempting to communicate with Plaintiff GREGORY LEE in an effort to collect the alleged debt described herein.

28. Defendant MONEY MART has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

29. Defendant MONEY MART has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff GREGORY LEE over the relevant time period.

## COUNT I
### VIOLATION OF THE TCPA AGAINST MONEY MART

30. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs (1) through (29), as if fully set forth herein.

31. None of the calls at issue were placed by Defendant MONEY MART to Plaintiff GREGORY LEE's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules

and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

32. Additionally, none of the calls at issue were placed by Defendant MONEY MART to Plaintiff GREGORY LEE's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

33. Defendant MONEY MART willfully and/or knowingly violated the TCPA with respect to Plaintiff, GREGORY LEE by repeatedly placing non-emergency calls to Plaintiff GREGORY LEE's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

34. The TCPA provides Plaintiff with a private right of action against Defendant MONEY MART for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff, GREGORY LEE respectfully demand judgment against Defendant MONEY MART for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Complaint and Demand for Jury Trial has been served on Defendant through Personal Service of Process or Service of Process on its Registered Agent.

                                                DAVID P. MITCHELL, ESQUIRE
Florida Bar No.: 067249
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N. Franklin Street, 8th Floor
Tampa, FL 33602
Tele: (813) 318-5176
Fax: (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
Counsel for Plaintiffs

# MORGAN & MORGAN®
## Attorneys At Law

SUITE 700
ONE TAMPA CITY CENTER
TAMPA, FL 33602
(813) 223-5505
FAX: (813) 223-5402

January 31, 2013

Money Mart
3718 Tamiami Trail
Port Charlotte, Florida 33952-8309

Re:     Our client:     Sharon Lee and Gregory Lee
       Client address:     3311 Jamestown Street, Port Charlotte Florida
       Our file:     1642487

To Whom It May Concern:

Please be advised that we represent Sandra Butler. Please cease and desist all further contact with our client, including, but not limited to billing statements, letters, phone calls, e-mails, and facsimiles in regards to the above referenced file number.

Please also allow this to serve as my client's formal dispute of this alleged debt. Please provide verification and validation of said debt as well as the name and address of the original creditor. Thank you in advance for your prompt attention to this matter.

Sincerely,

*[signature]*

Dawn Austin Hulbert, Esq.

DAH/tmw
cc: Gregory Lee

*1642487*

**EXHIBIT "A"**

www.forthepeople.com

ATLANTA, GA ♦ COLUMBUS, GA ♦ DAVIE, FL ♦ DAYTONA BEACH, FL ♦ FT. MYERS, FL ♦ JACKSON, MS ♦ JACKSONVILLE, FL ♦ KISSIMMEE, FL
MANHATTAN, NY ♦ MEMPHIS, TN ♦ NAPLES, FL ♦ ORLANDO, FL ♦ ST. PETERSBURG, FL ♦ TALLAHASSEE, FL ♦ TAMPA, FL ♦ TAVARES, FL ♦ WINTER HAVEN, FL





EXHIBIT "B"